IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARGARET TUCKER,                                )<br>                                                                 )<br>           Plaintiff,                                      )<br>                                                                 )<br>v.                                                              )    Case No.  2:21-cv-387<br>                                                                 )<br>ILLINOIS CENTRAL RAILROAD CO.;      )<br>ILLIANA CENTRAL RAILROAD; and      )<br>CANADIAN NATIONAL RAILWAY,        )<br>                                                                 )<br>           Defendants.                                 )  | |

## NOTICE OF REMOVAL

Defendant, Canadian National Railway Company, improperly sued as Canadian National Railway ("Canadian National"), by and through its attorneys, Swanson, Martin & Bell, LLP, pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal with respect to the above-captioned action, commenced and pending in the Lake County, Indiana Superior Court, under Cause Number 45D01-2110-CT-001018, to the United States District Court for the Northern District of Indiana for the reasons stated below:

## BACKGROUND

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b).

2. On October 25, 2021, Canadian National was served with Plaintiff's Complaint.

3. Pursuant to 28 U.S.C. §1446(a), a copy of the state court file, is attached as **Exhibit A**.

4. Canadian National's basis for removal to federal court is diversity of jurisdiction pursuant to 28 U.S.C. §1332 because: (1) there is complete diversity of citizenship between

Plaintiff and Canadian National; and (2) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

5. Canadian National was served via certified mail on November 19, 2021.

6. This Notice of Removal is timely filed with this Court within thirty (30) days after Canadian National received the first pleading "or other paper" from which the removable nature of this case was first ascertainable by Canadian National. 28 U.S.C. §1446(b)(3).

7. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorney of record, and is being filed with the Clerk of Lake County, Indiana Superior Court.

8. By filing a Notice of Removal in this matter, Canadian National does not waive its rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and it specifically reserves the right to assert any other defenses and/or objections to which it may be entitled as a matter of law or equity.

## VENUE

9. Venue is proper pursuant to 28 U.S.C, §1441(a), which permits removal of any civil action brought in the State Court of which the district courts of the United States have original jurisdiction. The original jurisdiction of United States District Court for the Northern District of Indiana includes Lake County, Indiana, the place where this suit is currently pending.

## DIVERSITY OF CITIZENSHIP

10. Plaintiff is a citizen and resident of the State of Indiana. (*See* **Exhibit A**, Complaint at ¶1).

11. Defendant, Canadian National, is a Canadian corporation. (*See* Declaration of John Furlan ["Furlan Decl."], attached as **Exhibit B**). Canadian National's principal place of business

is located in Montreal, Quebec, Canada. Therefore, Canadian National is a citizen of Canada for purposes of establishing diversity jurisdiction, and there is complete diversity between Plaintiff and Canadian National.

12. Defendant, Illinois Central Railroad Company is an Illinois corporation with its principal place of business in Homewood, Illinois. (Furlan Decl., at ¶4). Therefore, there is complete diversity between Illinois Central Railroad Company and Plaintiff.

13. "Illiana Central Railroad" is a non-existent entity and therefore should be disregarded on the basis of whether a civil action is removable. *See* 28 U.S.C.A §1441(b)(1). Canadian National is not aware of any company known as "Illiana Central Railroad" under its umbrella of companies. (Furlan Decl. at ¶6). Counsel for Canadian National, Eric J. Skwiat has also searched the Indiana Secretary of State website, and has not identified any company known as "Illiana Central Railroad". (Declaration of Eric J. Skwiat ["Skwiat Decl."], at ¶2. attached as **Exhibit C**). Likewise, counsel has search the Illinois Secretary of State website, and there is no company registered as "Illiana Central Railroad". (Skwiat Decl. at ¶3). Because "Illiana Central Railroad is a non-existent entity, it should not be considered for purposes of complete diversity. *See Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, CIV. 09-954-GPM, 2009 WL 4506298, at *2 (S.D. Ill. Nov. 26, 2009)("a defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship"); *Diaz v. Legion Pers., Inc.*, 2010 WL 3732768, at *2 (N.D. Ill. Sept. 15, 2010) (taking judicial notice of corporate record maintained by Illinois Secretary of State).

14. Pursuant to 28 U.S.C.A §1441(b)(2)(A) Illinois Central consents to the removal of this action. (Skwiat Decl. ¶6)

15. Illiana Central Railroad could not consent to removing this action because it is a non-existent entity, nor is its consent required. *See Aquino v. C.R. Bard, Inc.*, 18 C 5291, 2018 WL 5717423, at *3 n.2 (N.D. Ill. Nov. 1, 2018)(" because SGI does not exist as a corporate entity, it was not properly joined and served, and its consent to removal is not required"); *Newsom*, 2009 WL 4506298, at *2.

16. There is complete diversity among Plaintiff, Canadian National and Illinois Central and removal is proper.

## AMOUNT IN CONTROVERSY

17. Plaintiff alleges that she fell, violently struck the ground and sustained permanent injuries while riding her bicycle on a bike trail that intersects with railroad tracks located at the intersection of Erie Lakawanna Bike Trail and Broad Street in Griffith, Indiana. (Ex. A at ¶7). Plaintiff alleges she "suffered an intertrochanteric of the proximal left femur resulting in a left intramedullary nailing of the intertrochanteric fracture, using a Titanium Trochanteric Fixation Nail system consisting of cannulated nails, cannulated helical blades, cannulated femoral neck screws, cannulated end caps and locking bolts and screws and a fracture of her left radius of her arm." (*Id*. at ¶10). Although Plaintiff does not specify the damages sought, Plaintiff seeks recovery for her medical expenses, past and future lost wages and other damages. (*Id*.)

18. Given the nature and scope of the alleged injuries, it is reasonably certain that Plaintiff is seeking damages in excess of $75,000.00 exclusive of interest and costs. (Skwiat Decl. at ¶5).

## CONCLUSION

19. Because both of the requirements for federal diversity jurisdiction under 28 U.S.C. §1332 are satisfied (*i.e.*, complete diversity of citizenship between the plaintiff and defendant, and

the amount in controversy exceeds the statutory amount), this case is properly and timely removable by Canadian National.

WHEREFORE, Defendant, Canadian National Railway Company hereby files this Notice of Removal so that the entire State Court action, Cause Number 45D01-2110-CT-001018, now pending in the Lake County Indiana Superior Court, be removed to the United States District Court for the Northern District of Indiana for all further proceedings.

DATED:	December 16, 2021

                                                 Respectfully submitted,

                                                 CANADIAN NATIONAL
                                                 RAILWAY COMPANY

                                                 By:	*/s/  Eric J. Skwiat*
                                                        One of its Attorneys

Matthew S. Ver Steeg (#23784-64)
Eric J. Skwiat (#35121-46)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
(312) 321-0990 – Fax
mversteeg@smbtrials.com
eskwiat@smbtrials.com

## NOTICE OF FILING / CERTIFICATE OF SERVICE

I hereby certify that on **December 16, 2021**, I electronically filed the foregoing with the Court using the CM/ECF filing system, and served the same via electronic mail to:

Timothy S. Schafer II, Esq.
Schafer & Schafer, LLP
3820 East U.S. 30
Merrillville, Indiana 46410
tim@schafer.legal

Under penalties as provided by law, the undersigned certifies that the statements set forth herein are true and correct.

                                                    */s/ Eric J. Skwiat*